UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMAAL HAITH,<br>    Petitioner,<br><br>v.<br><br>THOMAS DICKHAUT,<br>    Respondent. | )<br>)<br>)<br>)   Civil Action No. 09cv11699-NG<br>)<br>)<br>) |

GERTNER, D.J.:

## MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS
March 21, 2011

On February 11, 2002, police arrested Jamal Haith ("Haith"). During his interrogation, Haith made various inculpatory statements, which were eventually admitted into evidence during his trial for murder. Prior to trial, Haith attempted to suppress these statements on the theory that the police's failure to inform him of his right to make a phone call prior to interrogating him violated Miranda v. Arizona, 384 U.S. 436 (1966), and Mass. Gen. Laws ch. 276, § 33A, but the motion judge denied his request. Haith appealed, but the Supreme Judicial Court ("SJC") ultimately affirmed the motion judge's decision. Representing himself pro se, Haith now seeks habeas relief pursuant to 28 U.S.C. § 2254, yet again claiming that the government violated Miranda by not informing him of his right to a phone call as soon as he was brought to the police station, a right explicitly promised by Mass. Gen. Laws ch. 276, § 33A.[1] In response, the

---

[1] Mass. Gen. Laws ch. 276, § 33A states:

> The police official in charge of the station or other place of detention having a telephone wherein a person is held in custody, shall permit the use of the telephone, at the expense of the arrested person, for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to so use the telephone, and such use shall be permitted within one hour thereafter.

government has moved for judgment on the pleadings, raising three defects with Haith's petition: 1) failure to exhaust available state law remedies; 2) failure to raise a federal issue; and 3) failure to show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).

As the government claims, Haith failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). While Haith raised his federal Miranda claim during his suppression hearing, he relied solely upon his state law right under Mass. Gen. Laws ch. 276, § 33A on appeal. Haith's failure to exhaust his state law remedies is dispositive, so I need not address the other two issues the government has raised.[2] As such, the government's Motion for Judgment on the Pleadings (**document #12**) is **GRANTED**.

I. FACTS

On February 11, 2002, federal marshals in North Carolina arrested Haith based on a Massachusetts arrest warrant issued for Haith on suspicion of murder. While in federal custody in North Carolina awaiting the arrival of Massachusetts state troopers, Haith was not informed that, under Mass. Gen. Laws ch. 276, § 33A, he had the right to a phone call. Upon their arrival in North Carolina, the Massachusetts state troopers read Haith his rights using a federal form that did not include his state statutory right to a phone call. The Massachusetts state troopers then interrogated Haith, who made inculpatory statements. The following day, Haith was transported

---

[2] Even if Haith had exhausted his federal Miranda claim in state court, he would nonetheless still be ineligible for habeas relief unless he could show that the state court decision not to suppress was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). This standard -- the contours of which the Supreme Court has articulated in Williams v. Taylor, 529 U.S. 362 (2000), and its progeny -- is exceedingly hard to satisfy. See Harrington v. Richter, 131 S.Ct. 770 (2011); Yarborough v. Alvarado, 541 U.S. 652 (2004); Lockyer v. Andrade, 538 U.S. 63 (2003).

-2-

from North Carolina to a Massachusetts police station, where he was finally informed of his state statutory right to use the phone.

Pre-trial, Haith moved to suppress his inculpatory statements based on both Mass. Gen. Laws ch. 276, § 33A and Miranda. A state motion judge denied his request. Haith appealed, raising only his state law claim. The SJC affirmed, holding:

> The defendant argues that his statements should have been suppressed, because at no point in the six hours between his initial arrest by Federal marshals and the subsequent arrival of the Massachusetts State troopers was he offered the opportunity to make a telephone call. There appears to be no case law on the issue whether G.L. c. 276, § 33A, applies to Massachusetts law enforcement authorities when a person has been arrested by Federal authorities and is being held in Federal custody in another State. . . . We need not delve into the interstate reach of G.L. c. 276, § 33A . . . however, because, even were we to accept the defendant's premise that the troopers were under a statutory duty to advise him of his right to use the telephone, the judge determined (and the defendant presents no evidence that would permit a conclusion that the judge's determination was clearly erroneous) that the troopers did not purposefully violate the duty. The statute's notification requirement is part of the initial booking process that takes place when an individual who has been arrested is brought to the police station in custody. It is settled that suppression is only an appropriate remedy for a violation of § 33A when the evidence demonstrates that law enforcement officers intentionally withheld the defendant's telephone right in order to coerce the defendant or to gain an advantage in the investigation.

Com. v. Haith, 452 Mass. 409, 413 (2008).

Haith now seeks federal habeas relief on the theory that the state court should have suppressed his statements since the police violated his constitutional due process rights as articulated by Miranda.

## II. DISCUSSION

The government presents three reasons for dismissal: exhaustion, failure to raise a federal claim, and failure to show that the state court's decision was "contrary to, or an unreasonable application of, clearly established federal law," as required by 28 U.S.C. § 2254(d). Haith's petition can be resolved on the exhaustion issue alone.

Under the governing federal habeas statute, a state prisoner applying for federal habeas relief must exhaust state remedies before a federal court can consider his petition. 28 U.S.C. § 2254(b)(1). The policy underlying this exhaustion requirement is to give states the first "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). A claim is exhausted when it has been "fairly presented" to the state courts. A claim is fairly presented so long as it is made in such a way that "a reasonable jurist" would have recognized "the existence of the federal question." Josselyn, 475 F.3d at 3.

In Haith's original motion to suppress, he alleged violations of his rights under both Mass. Gen. Laws ch. 276, § 33A and Miranda. Mot. Suppress Statements at 1, Com. v. Haith, 452 Mass. 409 (2008) (No. 2002-0128) (document #1-2). However, he raised only his state statutory claim on appeal, as shown by the fact that neither the brief Haith submitted to the SJC nor the SJC's decision addresses Haith's constitutional due process rights as articulated by Miranda. See Haith, 452 Mass. 409; Appellant's Br. at 20-24, Com. v. Haith, 452 Mass. 409 (2008) (No. SJC-09880), 2007 WL 5494639. Since Haith did not exhaust his Miranda claim in state court, his habeas petition is barred under 28 U.S.C. § 2254(b)(1).

**III. CONCLUSION**

For the foregoing reasons, the government's Motion for Judgment on the Pleadings (**document #12**) is **GRANTED**.

**SO ORDERED.**

**Date: March 21, 2011**          */s/ Nancy Gertner*
                                  **NANCY GERTNER, U.S.D.J.**